[32 NYS3d 549]

In the Matter of JOHN R. PARRINELLO, an Attorney, Respondent. GRIEVANCE COMMITTEES OF THE FOURTH JUDICIAL DEPARTMENT, Petitioner.

Fourth Department, June 17, 2016

## APPEARANCES OF COUNSEL

*Gregory J. Huether, Chief Counsel, Grievance Committees of the Fourth Judicial Department*, Rochester, for petitioner.

*David Rothenberg*, Rochester, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on December 6, 1965 and maintains an office in Rochester. By decision and order dated January 22, 2016, the United States District Court for the Western District of New York (District Court) suspended respondent from practice for a period of 180 days upon a finding that, in August 2015, he engaged in undignified and discourteous conduct that disrupted proceedings before that Court (*Matter of Parrinello*, 2016 WL 270920, *8-9, 2016 US Dist LEXIS 8025, *23-25 [WD NY, Jan. 22, 2016, No. 15-MC-6007]). The decision and order of District Court additionally made public an order of private reprimand that District Court had issued to respondent in 2013 upon a finding that he had engaged in abusive and profane conduct that disrupted courtroom proceedings and adversely affected the fair administration of justice (*Parrinello*, 2016 WL 270920, *2-4, 2016 US Dist LEXIS 8025, *4-11).

Upon receipt of a certified copy of the decision and order of District Court, this Court, by order entered February 10, 2016, directed respondent to show cause why reciprocal discipline should not be imposed pursuant to 22 NYCRR 1022.22. Respondent filed papers in response to the order to show cause and appeared before this Court on the return date thereof.

Pursuant to 22 NYCRR 1022.22, this Court may discipline an attorney for misconduct underlying discipline imposed in another jurisdiction unless we find "that the procedure in the foreign jurisdiction deprived the attorney of due process of law, that there was insufficient proof that the attorney committed the misconduct, or, that the imposition of discipline would be unjust." In response to this Court's order to show cause, respondent failed to raise any factor that would preclude the imposition of reciprocal discipline. We agree with respondent, however, that reciprocal suspension from practice in New York for a period of 180 days from the date of this decision would be unduly harsh under the circumstances herein. Accordingly, we conclude that respondent should be suspended for a period of 180 days nunc pro tunc from January 22, 2016, and until further order of this Court.

CARNI, J.P., DEJOSEPH, NEMOYER and TROUTMAN, JJ., concur.

Order of suspension entered.